IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:24-cr-106 |
|  | ) |  |
| v. | ) | UNITED STATES' |
|  | ) | SENTENCING MEMORANDUM |
|  | ) |  |
| ANTHONY ALAN ANDERSON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**INTRODUCTION**

For years, Defendant Anthony Alan Anderson sought out young girls online, solicited sexually explicit photos from them, and tried to engage them in sexually charged conversations. Despite being caught, court martialed, dishonorably discharged from the military, and sentenced to a year in prison for this conduct, Defendant persisted in abusing children online and, eventually, in-person—traveling from his home in Illinois to Ottumwa, Iowa to have sex with a 15-year-old girl, Minor Victim #1. Even after engaging in sex acts with Minor Victim #1 and returning to Illinois, Defendant continued to solicit and pay Minor Victim #1 for sexually explicit photos and videos, telling her, "I always want more."

Sentencing is scheduled for Friday, January 17, 2025, at 11:30 a.m. This Court should sentence Defendant to 420 months in prison.

**TABLE OF CONTENTS**

Introduction..................................................................................................... 1

I.     Background ............................................................................................. 2

II.    Defendant's Objections to the Guidelines Calculations of the
       Final PSR Should Be Rejected ........................................................................ 4

III.   This Court Should Order Forfeiture, Impose Special Assessments,
       and Award Restitution if Requested .............................................................. 5

IV.    The 18 U.S.C. § 3553(a) Factors Support a 420-Month
       Term of Imprisonment ..................................................................................... 6

       Conclusion ........................................................................................................ 9

## I.    BACKGROUND

A two-count Information was filed on August 26, 2024, charging Defendant with Enticement and Attempted Enticement of a Minor, in violation of Title 18 U.S.C. § 2422(b) (Count 1) and Offense by a Registered Sex Offender, in violation of Title 18 U.S.C § 2260A (Count 2). (ECF 23). The Information included a notice of forfeiture for any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including an iPhone 13 Pro with serial number VN9XNKFLWX and an iPad mini 5 with serial number DMPFK4JMLM93. (*Id.*).

On August 26, 2024, Defendant pled guilty to both counts, and on September 16, 2024, the Court accepted Defendant's plea and adjudicated him guilty. (ECF 32; ECF 34). The parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), to jointly recommend a sentence of between 300- and 420-months' imprisonment (inclusive of the 10-year consecutive term of imprisonment under 18 U.S.C. § 2260A) (ECF 32 at 8-9, ¶ 17). Defendant consented to the forfeiture of the property identified in the Information, more specifically, his iPhone and iPad. (*Id.* at 9, ¶ 19).

A draft presentence investigation report (PSR) was filed on October 24, 2024. (ECF 35). The government submitted one objection, suggesting the total offense level in paragraph 49 should be adjusted to include a four-point enhancement for sadistic/masochistic acts pursuant to USSG § 2G2.1(b)(4). (ECF 37). Defendant submitted several clarifying objections to the statements in the draft PSR concerning his background, and he objected to the advisory guidelines calculations. (ECF 36).

A final PSR was filed on January 6, 2025. (ECF 40, hereinafter the "Final PSR"). The Final PSR calculates Defendant's advisory guidelines range as follows:

**Count 1**

| | |
|---|---|
| Base (USSG §2G1.3(c)(1) cross-ref to §2G2.1(a)) | 32 |
| Minor 12 to 15 years old (§2G2.1(b)(1)(B)) | +2 |
| Sex Act/Contact (§2G2.1(b)(2)(A)) | +2 |
| Sadistic or Masochistic Conduct (§2G2.1(b)(4)(A)) | +4 |
| Use of Computer (§2G2.1(b)(6)(B)) | +2 |
| Adjusted Offense Level | 42 |
| | |
| Pattern (§4B1.5(b)(1) | +5 |
| Acceptance (§3E1.1) | -3 |
| **Total Offense Level** | **44 adjusted to 43** |
| **Criminal History** | **II** |
| **Advisory Guidelines Range** | **Life** |
| **Count 2 to Run Consecutively** | **120 months** |

(Final PSR 10-11, 22, ¶¶ 37-49, 118-120).

At sentencing, this Court will have to resolve Defendant's objections to the Final PSR's guidelines calculations, calculate the applicable advisory guidelines range, and issue a sentence that is sufficient but not greater than necessary.

II.  **DEFENDANT'S OBJECTIONS TO THE GUIDELINES CALCULATIONS IN THE FINAL PSR SHOULD BE REJECTED.**

Defendant, essentially, objects to the Final PSR's guidelines calculations on two grounds. Neither ground bears weight, and this Court should reject the objections.

Defendant, first, contests the application of the cross-reference in USSG §2G1.3(c)(1). (*See* ECF 36, at 2). But the Final PSR correctly uses the cross-reference to calculate Defendant's offense level pursuant to USSG §2G2.1.

The cross-reference in §2G1.3(c)(1) provides that §2G2.1 should be applied where the offense involved the production of child pornography, *i.e.*, "causing, transporting, [or] permitting . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The cross reference "is to be construed broadly." USSG §2G1.3, comment. (n.5(A)).

Here, Defendant has admitted that his offense involved the production of child pornography. In his Plea Agreement, he stated that he "persuaded, induced, enticed, or coerced Minor Victim #1 to produce and send him child pornography," that he sometimes paid Minor Victim #1 in exchange, and that when they met in person in Ottumwa, he "caused images of Minor Victim #1 to be captured in which Minor Victim #1 is depicted engaging in sexually explicit conduct." (ECF 30, at 4-5). The Final PSR gets it right by applying the cross reference.

For his last guidelines objection, Defendant argues that the five-level pattern enhancement in USSG §4B1.5(b) should not be assessed. That guideline applies where (1) the defendant has been convicted of a "covered sex crime," (2) neither

§4B1.1 nor §4B1.5(a) applies, and (3) "the defendant engaged in a pattern of activity involving prohibited sexual conduct."

All three requirements are met. A conviction under 18 U.S.C. § 2422 is "a covered sex crime." USSG §4B1.5, comment. (n.2). No one suggests Defendant is subject to §4B1.1 or §4B1.5(a). And Defendant, by his own admission, has engaged in a pattern of prohibited sexual conduct, in that he "on at least two occasions" used Minor Victim #1 to produce child pornography and complete acts proscribed by Chapter 109A of the United States Code had it occurred within the special maritime and territorial jurisdiction of the United States. (ECF 30, at 4-5); *see, e.g.*, USSG §4B1.5, comment. (n.4); 18 U.S.C. §§ 2243, 2426(b)(1)(A).

## III. THIS COURT SHOULD ORDER FORFEITURE, IMPOSE SPECIAL ASSESSMENTS, AND AWARD RESTITUTION IF REQUESTED.

In his Plea Agreement, Defendant agreed to forfeit certain property and to pay restitution in an amount to be determined by this Court for all of Defendant's relevant conduct. (*See* ECF 49, at 4-5, 9-11, ¶¶ 7, 16-18, 21). This Court has issued a preliminary order of forfeiture and should issue a final order to the same effect. (ECF 39).

As to restitution, to date, Minor Victim #1 has not requested such relief. The government will continue to satisfy its obligations under the Crime Victims' Rights Act to ensure that Minor Victim #1 is "notified of, and accorded, [her] rights" under the law, including their right to "full and timely restitution." 18 U.S.C. § 3771(a)(6), (c)(1). In the event Minor Victim #1 seeks restitution, the government will raise the matter at the sentencing hearing.

Finally, this Court should impose the mandatory special assessments in 18 U.S.C. §§ 3013 and 3014 on both counts of conviction, such that, in all, $10,200 in assessments are imposed.

## IV.    THE 18 U.S.C. § 3553(a) FACTORS SUPPORT A 420-MONTH TERM OF IMPRISONMENT

Based on the sentencing factors set forth in 18 U.S.C. § 3553(a), a term of imprisonment of 420 months is "sufficient but not greater than necessary." The sentence accounts for all the aggravating and mitigating factors presented by Defendant and his criminal conduct. That sentence specifically reflects the scope and duration of Defendant's crimes; his decision to continue exploiting and abusing children despite being court martialed and dishonorably discharged from the Air Force; and the harm victims have endured because of his conduct.

Defendant is a child predator. Beginning by at least December 2018, Defendant began searching for child pornography and using "Whisper"[1] to communicate with minor females. (Final PSR ¶ 53). In one of these conversations on Whisper, Defendant asked a user who he believed to be a 13-year-old girl whether she masturbated and was a virgin, and he asked for the size of her breasts. (*Id.*). He also solicited photos of herself in a sports bra. (*Id.*). This and other communications led to him being court martialed, dishonorably discharged from the Air Force, and sentenced to 12 months' imprisonment. (Final PSR ¶¶ 12-13, 53).

---

[1] "Whisper" is an anonymous social media platform. *See* Alexis Madrigal, *The Genius of Whisper, the Massively Popular App You Haven't Heard Of*, The Atlantic, Aug. 16, 2013, https://www.theatlantic.com/technology/archive/2013/08/the-genius-of-whisper-the-massively-popular-app-you-havent-heard-of/278774/.

Getting caught and dishonorably discharged form the Air Force did nothing to dissuade Defendant from preying on children—if anything, his conduct became more extreme. He returned to Whisper under the moniker "rocky balboner" and began messaging girls who informed Defendant they were underage. (Final PSR ¶ 50). Defendant requested sexual content from them; talked about "sucking on them titties," "feeling [a user's] pussy," and "fingering" a user; and asked them questions like "[w]hat's the oldest guy you've messed around with," whether a user has "ever let a guy [cum] inside you," and what is the "wettest [a user had] been." (Final PSR ¶ 51).

Defendant also sought out minor girls on Snapchat, eventually meeting Minor Victim #1 in May 2023. (Final PSR ¶¶ 14, 25). Defendant paid Minor Victim #1 through Cash App for sexually explicit photos and videos, attempting to avoid detection by titling his Cash App username "Selling on Facebook Marketplace." (Final PSR ¶ 25). He also sent Minor Victim #1 sexually charged messages: telling Minor Victim #1 that he wished he could join her in the shower; asking for a "church titty pic"; stating he "always wanted more" pictures of Minor Victim #1; and thanking Minor Victim #1 for "taking care of [him]" by sending him "pics and videos" and engaging in sexually explicit FaceTime conversations with him. (Final PSR ¶ 26). There were at least 24 videos and 28 photos of Minor Victim #1 on Defendant's Snapchat account that were sexually explicit. (Final PSR ¶ 27). Defendant also saved screenshots of what were apparently his favorite portions of the videos Minor Victim

#1 sent—depicting Minor Victim #1 naked or undressing and with her breasts and pubic region exposed. (Final PSR ¶ 28).

But Defendant didn't limit his abuse to online messages. After soliciting sexual videos and photos of Minor Victim #1, Defendant made plans to travel to Ottumwa and have sex with her. (Final PSR ¶¶ 14-15, 22). Defendant ultimately took Minor Victim #1 to a hotel, had sex with her at least twice—or, in her words, "a lot"—and took photos of him penetrating Minor Victim #1 and photos of Minor Victim #1's butt, breasts, and vagina. (Final PSR ¶¶ 17, 19). This wasn't enough for Defendant though. He continued soliciting sexually explicit content from Minor Victim #1 after he returned to Illinois. (Final PSR ¶ 21).

The nature and circumstances of Defendant's conduct are disturbing. And his willingness to immediately return to preying on children after he was court martialed and discharged from the Air Force demonstrates the incredible danger he poses to the community and the need to protect children from further abuse. Defendant appears to have been successful in many if not all other aspects of his life—he was highly decorated in the military (Final PSR ¶ 110), had a stable childhood and immediate family (Final PSR ¶¶ 62-68), a good education (Final PSR ¶¶ 96-100), and a well-paying career despite his court martial (Final PSR ¶ 103). Defendant knew his actions were immoral and illegal—indeed, he took steps to cover his tracks—nevertheless, he sought out and exploited and abused children at every opportunity.

A 420-month prison sentence is necessary to account for Defendant's unrelenting abuse of children, his refusal to stop this abuse when confronted and court martialed, and the harm he has undoubtedly done to his victims.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court impose a 420-month term of imprisonment (300 months on Count 1 to be followed by 120 months on Count 2), award any restitution requested by the victims, and order Defendant to forfeit property as set forth in the government's motion for a preliminary order of forfeiture.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Joseph H. Lubben*
Kyle J. Essley
Joseph H. Lubben
Assistant United States Attorneys
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Joseph.Lubben@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on January 10, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
_____U.S. Mail _____ Fax _____Hand Delivery

 X    ECF/Electronic filing    ____Other means

UNITED STATES ATTORNEY
By: */s/Alisha Rankin, Paralegal Specialist*